### In re INVESTORS FUNDING CORPORATION OF NEW YORK SECURITIES LITIGATION.

#### James BLOOR

#### v.

#### FEDERAL DEPOSIT INSURANCE CORPORATION, E. D. New York, C. A. No. 78C565.

#### No. 290.

Judicial Panel on Multidistrict Litigation.

Dec. 1, 1978.

As Corrected Dec. 21, 1978.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously centralized several actions in this

litigation in the Southern District of New York before the Honorable William C. Conner for coordinated or consolidated pretrial proceedings. *In re Investors Funding Corporation of New York Securities Litigation,* 437 F.Supp. 1199 (Jud.Pan.Mult.Lit.1977) (MDL–290 actions). The MDL–290 actions center around the investment activities of Investors Funding Corporation of New York, Investors Funding Collateral Corporation and a number of related corporations (collectively referred to as IFC). The principal business of IFC, prior to its entrance into bankruptcy proceedings during October 1974,[1] was the purchase and sale of real property, the making of mortgage loans, and participation in other real estate related transactions. Plaintiff in one of the MDL–290 actions originally filed in the transferee district (*Bloor*) is the trustee in bankruptcy for IFC. Claims are made in that action under the federal securities laws and the bankruptcy laws, *inter alia,* against a wide variety of defendants, including several national banks. The allegations against the national banks in *Bloor* are as follows:

> The defendant banks, which are creditors of IFC, allegedly concealed certain inside information about IFC's financial condition and used that information to their benefit and to the detriment of the other creditors of IFC and the public. Fourteen of the fifteen original bank defendants are alleged to have collectively entered into certain credit and security agreements with IFC through which unsecured loans made to IFC by the banks were converted to secured loans, thereby giving the banks a position superior in interest to that of other creditors of IFC. These fourteen banks and one of the principals of IFC are also alleged to have entered into a secret verbal agreement which required proceeds from the sale of properties by IFC to be paid to the banks to reduce the loans outstanding

rather than be reinvested by IFC in other properties, thereby resulting in a secret liquidation of the assets of IFC for the benefit of the banks.

*Id.* at 1200.

On January 31, 1978, upon the motion of the trustee, the claims in *Bloor* against the Federal Deposit Insurance Corporation (FDIC) as receiver for Franklin National Bank (Franklin) were severed by the transferee judge and transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).[2] These claims were assigned the following caption in the Eastern District of New York: *James Bloor v. Federal Deposit Insurance Corporation,* C.A. No. 78C565 (FDIC action). The claims against the FDIC in this action are identical to the claims against the other national banks in *Bloor.*

Because the FDIC action appeared to involve common questions of fact with the MDL–290 actions, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259–60 (1975), entered an order conditionally transferring the FDIC action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there. The FDIC opposes transfer, and the trustee favors transfer.

We find that the FDIC action involves common questions of fact with the actions previously centralized in the Southern District of New York and that transfer of the FDIC action to that district under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The FDIC argues that settlement negotiations are well underway which, if completed, could result in dismissal of the FDIC action. In the event the settlement negotiations break down, the FDIC continues, motions would be directed against the complaint for lack of specificity in the claims

---

1. Those proceedings are pending before the Honorable Dudley B. Bonsal in the Southern District of New York.

2. The trustee stated that the purpose of this motion was to avoid protracted proceedings

under 12 U.S.C. § 94 concerning the proper venue for the claims against the FDIC. Franklin was headquartered in the Eastern District of New York before its failure.

pled and for failure to plead venue properly. This action should remain in the Eastern District of New York to allow the settlement negotiations to be completed or, in the event the settlement negotiations break down, to allow the resolution of any motions that may be directed against the complaint, the FDIC asserts.

We find these arguments unpersuasive. The FDIC admits that the FDIC action and *Bloor* involve common questions of fact concerning the alleged collective activities of the banks and others in regard to IFC and the effect of those activities upon IFC, other creditors of IFC and other interested persons. Inclusion of the FDIC action in the coordinated or consolidated pretrial proceedings in the transferee district is therefore necessary in order to ensure the prevention of duplicative discovery and to eliminate the possibility of inconsistent pretrial rulings. *See In re Investors Funding Corporation of New York Securities Litigation, supra,* 437 F.Supp. at 1202. Of course, the FDIC need not participate in any pretrial proceedings that are unrelated to the FDIC's interests. *See, e. g.,* Parts I and II, § 2.31, *Manual for Complex Litigation* (rev. ed. 1977).

The trustee represents that settlement of the FDIC action is related to the IFC reorganization proceedings pending before Judge Bonsal. The effect of those proceedings on the FDIC action and the other actions in the multidistrict docket is best left to the discretion of Judge Conner, who has had an opportunity to become familiar with the nuances of these actions. Should the FDIC decide to file any motions directed against the complaint in the FDIC action, those motions can be presented to the transferee judge for resolution. *See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation,* 458 F.Supp. 225, 230 (Jud. Pan.Mult.Lit.1978).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *James Bloor v. Federal Deposit Insurance Corporation,* E.D.N.Y., C.A. No. 78C565, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable William C. Conner for coordinated or consolidated pretrial proceedings with the actions pending there.